UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| GARY WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:23cv604 |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| | ) Complaint and Demand for |
| Defendant. | ) Jury Trial |
| | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Gary Washington ("Plaintiff"), alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendant Equifax Information Services, LLC. ("Equifax").

## I. INTRODUCTION

1. Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by the Defendant. Plaintiff contends the Defendant failed to follow reasonable procedures to assure maximum possible accuracy and conduct a reasonable reinvestigation in the preparation of Plaintiff's consumer reports, and consequently reported inaccurate information about Plaintiff. "Consumer reports" under 15 U.S.C. § 1681a(d) includes both the credit file disclosures obtained directly by Plaintiff from the consumer reporting agencies and consumer reports obtained by third parties as a factor in establishing Plaintiff's eligibility for credit.



RECEIVED
SEP 14 2023
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in the city of Richmond, Henrico County, Virginia, and the conduct complained of occurred in Richmond, Virginia.

## III. PARTIES

3. Plaintiff is a natural person residing in Richmond, Henrico County, Virginia.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Virginia.

## IV. FACTS OF THE COMPLAINT

6. In June 2023, Plaintiff obtained a copy of his consumer report and discovered inaccurate and false information with trade lines, *BANK OF AMERICA #440066192149\*\*\**, *CAPITAL ONE #40034481\*\*\** and *TRULIANTFCU #403929005009\*\*\**.

7. On or about July 28, 2023, Plaintiff contacted Equifax via certified mail and informed Defendant that the trade lines were inaccurate and should therefore be deleted from his consumer report.

8. Upon information and belief, Plaintiff was informed via the reinvestigation results that the account was verified and accurate in August 2023.

9. Despite Plaintiff's dispute to Equifax informing them of the inaccuracies, Defendant Equifax continued to report the tradelines through August 2023.

10. Defendant Equifax's publishing of such inaccurate information has severely damaged the personal and credit reputation of Plaintiff causing his FICO score to be lowered

resulting in him being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, sleepless nights, emotional distress, and mental anguish.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(1)(A)
### (Defendant Equifax)

12. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above.

13. Defendant has violated 15 U.S.C. § 1681i(a)(1)(A) in that they failed to conduct a reasonable reinvestigation on the trade line items that is furnished to the Consumer Reporting Agencies.

14. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

15. Defendant's conduct was negligent and/or willful.

16. Plaintiff is entitled to actual damages, punitive damages, and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

17. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendant Equifax)

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-17 above.

19. Defendant Equifax violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the trade line information when preparing a consumer report purportedly concerning Plaintiff.

20. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

21. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

22. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendant Equifax)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above.

24. Defendant Equifax has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

25. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

26. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

27. Defendant Equifax has done so either negligently or willfully.

28. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

29. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendant Equifax)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29 above.

31. Defendant Equifax have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

32. Defendant Equifax have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

33. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

34. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendant Equifax)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-34 above.

36. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the tradelines on Plaintiff's consumer report, and (ii) failed to find them to be inaccurate.

37. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

38. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

39. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

40. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendant Equifax)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1-40 above.

42. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

43. Defendant Equifax have caused injury in fact to Plaintiff by causing mental and emotional distress, sleepless nights, damage to credit rating, and resulting in credit damages to Plaintiff.

44. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

45. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendant Equifax)

46. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-45 above.

47. Defendant Equifax has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

48. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

49. Defendant Equifax acted negligently and/or willfully.

50. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

C. Costs and fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b).

      D.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 06, 2023,     By:  <u>/s/ Gary Washington</u>
Gary Washington
1801 Parlow Drive
Richmond, VA 23222
(804) 307-2126
Washingtongary015@gmail.com
*Pro se*